# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

April Rounds,                                                Civil No. 13-440 MJD/AJB

                    Petitioner,

v.                                                     **REPORT AND RECOMMENDATION**

Warden J.A. Nicklin,

                    Respondent.

      This matter is before the court, Chief Magistrate Judge Arthur J. Boylan, on petition pursuant to 28 U.S.C. § 2241 for habeas corpus relief by a federal prisoner. The action has been referred to the magistrate judge for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1. Petitioner April Rounds is confined at FCI–Waseca, Minnesota, pursuant to conviction and sentencing in United States District Court, Western District of New York, on drug distribution charges. In this action the prisoner seeks a determination by the Bureau of Prisons ("BOP") that she be granted 12 months time in halfway house placement prior to her release. Ms. Rounds was sentenced in February 2006, to a term of 120 months, to be followed by five years supervised release. Her current projected release date, with credit for good time, is June 22, 2014.[1]

      The respondent acknowledges that the warden is the properly named respondent in this matter, and venue is appropriate because Ms. Rounds is presently incarcerated within the District of Minnesota at FCI-Waseca. Also, respondent doe not contend that the petitioner has

---

[1] Decl. of Julie Groteboer, ¶¶ 4-5, Attach. A and B.

failed to exhaust her administrative remedies.² For the reasons discussed below, it is recommended that the petition [Docket No. 1] be dismissed with prejudice on the merits.

## DISCUSSION

**Background and Claims**

It is petitioner's claim in this action that respondent has failed to act in good faith in declining to grant her a 12-month placement in a Residential Reentry Center ("RRC"), i.e. halfway house, as allowed under the Second Chance Act of 2007 ("SCA").³ The Bureau of Prisons ("BOP") has determined that designation to an RRC for a period of 210 to 240 days would be sufficient to meet Ms. Rounds adjustment and reentry needs. Ms. Rounds asserts that the SCA offers pre-release initiatives and services that would facilitate her return to her family and community. Ms. Rounds indicates that her parents and sister are in poor health and she describes her need to obtain training and work in order to contribute towards the financial support for her extended family. Petitioner further notes her continuing efforts to meet mental health treatment needs and her consistent efforts to obtain education and training while incarcerated.⁴

A provision of the Second Chance Act allows the BOP to grant an inmate as much as the last 12 months of her sentence in community or home confinement. 18 U.S.C. §

---

² Id., ¶ 6, Attach. C; Decl. of Todd Valento, ¶¶ 3-5, Attach. A-C; Pet., Ex. pp. 24-34.

³ Public Law 110-199.

⁴ Petition, Attach. pp. 3-22. Petitioner submits numerous certificates of program completion and achievement obtained during her incarceration. Ms. Rounds extensive self-development efforts during her imprisonment are commendable.

2

3624(c)(1).[5] Petitioner April Rounds made an initial request for individual assessment for a release plan pursuant to the SCA in May 2012,[6] and a review for halfway house placement was conducted by her unit team on November 7, 2012.[7] The unit team promptly recommended a pre-release placement time of 210-240 days,[8] and the recommendation was approved by the acting warden on December 7, 2012.[9] The placement time recommendation was made upon

---

[5] 18 U.S.C. § 3624(c) states in parts pertinent to this action:

> (1) **In general**–The Director of the Bureau of Prisons shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community. Such conditions may include a community correctional facility.
>
> (6) **Issuance of regulations**–The Director of the Bureau of Prisons shall issue regulations pursuant to this subsection no later than 90 days after the date of enactment of the Second Chance Act of 2007, which shall ensure that placement in a community correctional facility by the Bureau of Prisons is–
>
>> (A) conducted in a manner consistent with section 3621(b) of this title;
>>
>> (B) determined on an individual basis; and
>>
>> (C) of sufficient duration to provide the greatest likelihood of successful reintegration into the community.

[6] Petitioner's initial Informal Resolution Attempt, her formal Request for Administrative Remedy to the warden, and her Regional Administrative Remedy Appeal were all denied on the grounds that the request for 12-months RRC placement determination was premature because RRC placement evaluations were to be conducted 17 to 24 months prior to the inmate's projected release date, and the petitioner's program review was scheduled for November 2012, i.e. 19 months from her scheduled release date.

[7] Decl. of Todd Valento, ¶ 3, Attach. A.

[8] Id., ¶ 10.

[9] Id., ¶ 10, Attach. E.

consideration of the petitioner's instant offense behavior, her criminal history, and the length of her sentence, as well as her need to secure a residence and employment, accrue release funds, and reunite with family.[10]  The unit team also reported Ms. Rounds' significant involvement in prison educational and self-development programs and her discipline history.

Petitioner April Rounds contends that she needs the maximum amount of time in RRC placement to acquire necessary reentry skills which are not available at FCI-Waseca. Respondent opposes the petition in this matter, arguing that Ms. Rounds has been given the appropriate individualized pre-release consideration under the SCA, and the BOP's analysis of pertinent factors was conducted in good faith.

**Merits of the Claim**

Petitioner's arguments in this action are substantially misplaced or inapplicable to the facts of the case.  She devotes some discussion to the impropriety of limiting RRC placement recommendations to less than *six months* without conducting an individualized assessment and consideration of the prisoner's individual circumstances.  18 U.S.C. § 3624(c)(1). 18 U.S.C. § 3621(b), see Miller v. Whitehead, 527 F.3d 752, 756 (8th Cir. 2008).  However, the BOP has recommended a 210-240 days RRC placement for Ms. Rounds and therefore she cannot establish a lack of good faith based upon BOP adherence to any policy limiting RRC placements to six months or less except when there are unusual or extraordinary circumstances.[11]  In essence, the

---

[10]  Decl. of Todd Valento, Attach. E.

[11]  The petition in this matter is dated February 21, 2013, and was filed on February 25, 2013.  The petition discusses Ms. Rounds administrative appeals but makes no mention of the unit team recommendation submitted to the warden on November 8, 2012, or the interim warden's approval of the recommendation for 210-240 day RRC placement on December 7, 2012.

4

petitioner asserts that anything less than the full 12 months RRC placement permitted under the Second Chance Act, 18 U.S.C. § 3624(c)(1), does not allow her a reasonable opportunity to adjust and prepare for reentry in the community.

Pursuant to 18 U.S.C. § 3624(c)(6)(A) and 18 U.S.C. § 3621(b), matters to be considered in determining pre-release placement are: (1) the resources of the facility contemplated; (2) the nature and circumstances of the offense; (3) the history and characteristics of the prisoner; (4) any statement by the court that imposed the sentence concerning the purposes for which the sentence to imprisonment was determined to be warranted or recommending a type of penal or correctional facility as appropriate; and (5) any pertinent policy statement issued by the United States Sentencing Commission. Ms. Rounds' unit team conducted a pre-release placement review on November 7, 2012 and the unit team submitted a memorandum recommendation to the warden on November 8, 2012.[12] The recommendation for 210-240 days of RRC placement was made on the basis of factors specified in the SCA. The review included consideration of the prisoner's efforts at self development and obtaining her GED; her criminal history and prison discipline record, and the nature and circumstances of her initial conviction offense.[13] She was found to have had a few prison incident reports, but clear conduct for the past 17 months, and she had only limited family support. It was determinated that in light of her instant offense behavior and criminal history, her sentence length, the absence of specific employment plans, and the lack of consistent financial support from her family, 210-240 days RRC placement would be sufficient time for Ms. Rounds to secure a residence and employment

---

[12] Decl. of Valento, ¶¶ 6-7, Att. E, Memorandum for Nicole English.

[13] Id., ¶ 8-10, Att. D.

and to accrue release funds to assist her in transition into the community.[14] She had been denied participation in the RDAP (residential drug abuse treatment program) because she had only a limited history of substance abuse.[15]

The same general claim that is asserted in this case was directly addressed in Hewitt v. Jett, wherein the court stated:

> "Read together, § 3621(b) and § 3624(c) vest the BOP with broad discretion in considering RRC placement, and nothing in the statutes, or any applicable case law, mandates that the BOP designate any inmate for RRC placement at any time, much less for the maximum twelve-month period provided by the Second Chance Act." Fleischli v. Outlaw, 2009 WL 3572663 at *4 (E.D. Ark., October 26, 2009), citing Elwood v. Jeter, 386 F.3d 842, 847 (8th Cir. 2004)(noting that Section 3624(c) "does not require placement in an [RRC]," as "[i]t only obligates the BOP to facilitate the prisoner's transition from the prison system."); see also, Raymer v. Cruz, 2009 WL 2778073 at *1 (D. Minn., August 28, 2009)(The petitioner "is not entitled to any particular period of halfway house or home confinement period under the Second Chance Act;" "[r]ather, the BOP must simply consider a prisoner's request for a halfway house transfer 'in good faith' and in accordance with the factors in 18 U.S.C. §3621(b)."); Bonner v. Federal Bureau of Prisons, 2008 WL 2704192 at *2 (D. Minn., June 9, 2008)(Section 3624(c) does not set a minimum amount of time that the prisoner must spend in an RRC); Skrzypek v. Cruz, 2009 WL 465053 at *4 (D. Minn., February 24, 2009)(same); Lillie v. Cruz, 2009 WL 2998176 at *3 (D. Minn., September 15, 2009)("Twelve months is the maximum amount of time an inmate may spend at a community correctional facility; there is no statutory minimum" and, "[i]ndeed, the statute does not ensure that an inmate will be placed at a community correctional facility at all."). As a consequence, to the extent that the Petitioner requests an Order requiring the BOP to place him in an RRC for twelve (12) months, he has no legal right to any particular amount of time in an RRC, which we could now enforce through a Habeas action. Rather, as the law makes clear, all that an inmate is entitled to,

---

[14] Id., ¶¶ 8-10, Att. E,

[15] Valento Decl., Att. E.

6

>under the SCA, is an RRC assessment that is **conducted** in a manner that is consistent with the SCA. In other words, the BOP has a duty to consider an RRC placement, so as to provide for the greatest likelihood for a successful reintegration, on an individualized basis, and taking into consideration the five (5) factors listed in Section 3621(b). See, Stanko v. Rios, 2009 WL 1303969 at *2-3 (D. Minn., May 8, 2009); Lillie v. Cruz, supra at *3; O'Hara v. Rios, 2009 WL 3164724 at *5 (D. Minn., September 28, 2009)."

Hewitt v. Jett, 2010 WL 1417654 at *5-6 (D. Minn, March 15, 2010).[16]

In this case, the unit team properly considered Ms. Rounds' RRC placement on an individualized basis and gave due consideration to criteria established pursuant to 18 U.S.C. § 3621(b). The unit team determined that 210-240 days halfway house placement was sufficient to satisfy the inmate's RRC needs, and the petitioner has not shown that BOP discretion did not exist or was not properly exercised in arriving at that determination. Ms. Rounds argument simply does not recite circumstances warranting relief and does not state grounds upon which to conclude that the BOP failed to address certain criteria or based its determination on RRC placement on improper factors or limits on discretion. See Miller v. Whitehead, 527 F.3d 752 (8th Cir. 2008). In particular, the petitioner has not shown that an RRC placement of 210-240 days does not allow her a reasonable opportunity to adjust and prepare for reentry in the community and has not shown any lack of good faith on the part of the BOP in determining her RRC placement duration.

**RECOMMENDATION**

Based on the foregoing, and all the files, records and proceedings herein, it is hereby **recommended** that April Rounds' petition under 28 U.S.C. § 2241 for writ of habeas

---

[16] U.S. District Court, Dist. of Minnesota Civil File No. 09cv1676 (REL/RHK), Report and Recommendation dated March 15, 2010, adopted by district court Order dated April 6, 2010.

corpus be **DISMISSED** with prejudice. [Docket No. 1].

Dated:   May 13, 2013   

       s/ Arthur J. Boylan   
      Arthur J. Boylan  
      United States Chief Magistrate Judge

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection. Written objections shall be filed with the Clerk of Court and served upon opposing parties before May 28, 2013. This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals.